

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2008

# Xhema v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3985

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Xhema v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1641.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1641

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3985
_____

ARSIM XHEMA,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.
_____

Petition for Review of an Order of the
Board of Immigration Appeals
U.S. Department of Justice
BIA File No. A95-172-125
_____

Submitted Under Third Circuit LAR 34.1(a)
December 7, 2007

BEFORE McKEE, CHAGARES and HARDIMAN, Circuit Judges.

(Opinion Filed:  February 6, 2008)
_____

OPINION
_____

MCKEE, Circuit Judge.

Arsim Xhema petitions for review of an order of the Board of Immigration Appeals

denying his motion to reopen the Board's denial of his appeal from the Immigration Judge's

denial of relief from removal. For the reasons that follow, we will dismiss the petition for review.

As we are writing primarily for the parties, we need not set forth the factual or procedural background of this case except insofar as may be helpful to our brief discussion.

In his brief, Xhema states the issue on appeal as follows: "Whether it is reasonable for Mr. Xhema to fear harm if returned to a country where he was threatened, . . . forced to live in the woods, . . . and a cousin was murder[ed] when it has been reported that the country has continuing ethnic and political tensions . . . and where the only certainty is uncertainty?" Petitioner's Br. at 2. However, his Notice of Appeal states that he is petitioning "for review of the Order of the Board of Immigration Appeals denying [his] . . . motion to reopen his claim for asylum, . . . ." Accordingly, the merits of the IJ's denial of relief are not before us. Rather, we must only determine if the BIA abused its discretion in denying his motion to reopen. *INS v. Abudu*, 485 U.S. 94 (1988).

Xhema argues that the BIA should have reopened his claim for relief based on evidence of the changed conditions in Kosovo. He claims that the conditions there have so deteriorated that he can now establish that he is entitled to the relief from removal that the IJ denied.

In denying Xhema's petition to reopen, the Board concluded that the evidence of changed country conditions that Xhema was relying upon "provide information as to the general conditions in Kosovo and do not show any additional persecution directed specifically at people in circumstances similar to the respondent." The BIA stated that the United Nations report that Xhema submitted noted that, although conditions in Kosovo remained stable, the stability was "fragile." More specifically, the Board relied upon the fact that the UN report opined that "criminal, rather than ethnic motives may be at the origin of some of the recent incidents." The

2

Board concluded that "[t]his additional evidence does not support the respondent's contention that the conditions in Kosovo have changed such that [he] has a well-founded fear of persecution based on his original claim, or that the country conditions have changed again so as to place [him] at risk of persecution on account of a protected ground from a new source."

Based on the affidavit and supporting evidence Xhema relied upon for his motion to reopen, we cannot conclude that the Board's refusal to grant his motion to reopen was an abuse of discretion.

## CONCLUSION

For the reasons set forth above, we conclude that the BIA did not abuse its discretion in denying the motion to reopen. Accordingly, we will dismiss the petition for review.